1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN M. WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>FELICIA REID, ALAMEDA ALLIANCE FOR HEALTH, JETT STANSBURY, MARIE BARRETT, and INGRID LAMIRAULT,<br><br>Defendants. | Case No:  C 10-3416 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Steve Warren ("Plaintiff") brings the instant action against Defendants Alameda Alliance for Health ("AAH"), its attorney Felicia Reid ("Reid"), its Chief Executive Office ("CEO") Ingrid Lamirault, and two AAH employees, Jett Stansbury and Marie Barrett (collectively "Defendants"), alleging the denial of his civil rights and conspiracy to deny his civil rights, pursuant to 42 U.S.C. §§ 1983 and 1985(3).  The parties are presently before the Court on Defendants' motion to dismiss.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I.     BACKGROUND

## A.     FACTUAL SUMMARY

AAH is public health authority established by the County of Alameda ("the County") to provide health care services to more than 94,500 low-income Alameda County residents.  Defs.' Request for Judicial Notice ("RJN"), Ex. 2, Dkt. 18-2 at 14.[1]  The County created the AAH under the auspices of California Welfare & Institutions Code § 14087.35, which authorized the County "to create a health authority separate and apart from the County of Alameda as a means of establishing the local initiative component of the state-mandated two-plan managed care model for the delivery of medical care and services to the Medi-Cal populations."  Cal.Welf. & Inst. Code § 14087.5(a); RJN Ex. 1.

In or about 2005, Plaintiff was a member of the AAH's Medi-Cal Managed Health Plan.  RJN, Ex. 2, Dkt. 18-2 at 6.  Plaintiff, who is morbidly obese, became embroiled in a dispute with AAH regarding the type of electric motor scooter that would be provided to him under his medical plan.  Id. at 14-15.  Over the course of several months in 2005, Plaintiff left hundreds of voicemail messages for AAH staff, the majority of which contained abusive, profane, racist, sexist and homophobic language.  Id. at 6.  For example, he routinely and angrily referred to staff members with terms such as "bitch," "fucking cunt," "asshole," "black nigger bitch," "Dr. Ching Ching," and repeatedly used expletives such as "fuck" and "fucking" in his messages.  Id. at 15, 18, 21, 24, 26.  In addition, he left a message for CEO Lamarault, in which he made implicit threats against staff member Sabrina Tulley and Jett Stansbury.  In particular, Plaintiff stated that he had a "large network" of associates in prison who owed him "favors," and that he would "go after you folks."  Id. at 15. Plaintiff left a similarly threatening voicemail for Arthur Chen, Chief

---

[1] The Complaint provides virtually no factual information regarding his purported dispute with AAH and the other individual defendants.  However, Defendants have proffered copies of various court documents from the underlying state court proceedings, which details the events that precipitated the instant lawsuit.  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (quotation marks and citation omitted).  Defendants' request for judicial notice is therefore granted.

Medical Officer of AAH, stating that "You (sic) life is going to be a big fucking nightmare." Id. at 18.

In October 2005, AAH filed in the Alameda County Superior Court an application for a restraining order (using a California Judicial Council form styled as a Petition for Employer Injunction Prohibiting Violence or Threats of Violence Against Employee) against Plaintiff based on California's workplace violence and civil harassment statutes, Cal.Cod.Civ.P. §§ 527.6 and 527. Id. at 2. On November 18, 2005, the state court held an evidentiary hearing on the application, at the conclusion of which the judge found by clear and convincing evidence that Plaintiff had made credible threats of violence against AAH personnel, and granted three civil harassment injunctions and two workplace violence injunctions. Id. at 6. The restraining order required Plaintiff to stay away from AAH and its employees and to avoid contact with them (except for two specifically identified employees whom he could contact in writing only). Id. The court amended the injunctions on December 29, 2005, to prevent Plaintiff from reclaiming his firearm, which he had place on consignment. Id. at 30.

In December 2005, the California Department of Health Care Services granted AAH's request to disenroll Plaintiff from its Medi-Cal Managed Health Plan based on the conduct that formed the basis of the restraining order. Id. at 7. Nonetheless, in December 2007, Plaintiff became a member of the Group Care Plan, another health plan administered by AAH, as a result of his participation in a state program in which he provides in-home support to his disabled parent. Id. Additionally, he has sought to reenroll in the Medi-Cal Managed Health Plan, a request which AAH continues to oppose. Id.

Notwithstanding the prior injunctions, Plaintiff allegedly has continued in making veiled threats of violence against AAH employees. Id. at 10. In an email, dated August 8, 2008, sent by Plaintiff to AAH employees Kim Rice and Christina Lopez, attorney Reid, and Administrative Law Judge Patrick Cooney (who is presiding over Plaintiff's State Fair Hearing concerning his request to reenroll the Medi-Cal Managed Health Plan), Plaintiff claimed that his brother had threatened to "shoot . . . those mother fuckers" at AAH. Id. at

11.  In subsequent emails, Plaintiff continued his tirade against AAH personnel, referring to them as "low life" and sending sexually explicit and profane photographs to a female AAH employee and the entity's counsel.  In particular, Plaintiff sent AAH employee Kim Rice and attorney Reid an email stating that he had just returned from New York City, where had had seen comedian Lisa Lampanelli perform at Radio City Music Hall.  Id., Dkt. 18-3 at 9.  Attached to his email were pictures of Ms. Lampanelli holding a dildo, while another shows a page of a guest book on which she apparently had written, "Radio City, I hope I am your favorite C-U-N-T."  Id., Dkt. 18-3 at109-12.

As a result of Plaintiff's continued harassment, on or about October 23, 2008, AAH, through attorney Reid, petitioned for renewal of the 2005 restraining order.  Id. Ex. 2, Dkt. 18-2 at 2.  On November 10, 2008, the parties, including Plaintiff, appeared for a hearing on AAH's renewed request.  Id. Ex. 3, Dkt. 18-4 at 2.  The court granted AAH's request and entered a new restraining order against Plaintiff on November 13, 2008.  Id.; see also Pl.'s Opp'n, Ex A., Pt. 2, Dkt. 26-2 at 5.  On March 13, 2009, Plaintiff filed a notice of appeal from the restraining order.  RJN Ex. 6, Dkt. 18-7.  However, upon motion of AAH, the California Court of Appeal struck Plaintiff's opening brief on appeal and dismissed the appeal on February 10, 2010.  Id., Dkt. 18-8.

In the meantime, Plaintiff allegedly violated the new restraining order by continuing to engage in threatening and offensive communications, which prompted Reid to file an application for an order to show cause re contempt on behalf of AAH on or about July 20, 2009.  Id., Dkt. 18-5.  On August 24, 2009, the court denied the application on the ground that only the district attorney could pursue a criminal contempt citation.  Id., Dkt. 18-6 at 2.

### B.  PROCEDURAL HISTORY

On August 3, 2010, Plaintiff filed the instant pro se action against Defendants AAH, attorney Reid, CEO Lamirault, and AAH employees Jett Stansbury and Marie Barrett.  The Complaint purports to allege six claims for relief:  (1) retaliation for petitioning, 42 U.S.C. § 1983; (2) conspiracy to interfere with his civil rights, 42 U.S.C. § 1985(3); (3) refusing or neglecting to prevent the violation of his civil rights, 42 U.S.C. § 1983; (4) malicious

prosecution; (5) malicious abuse of prosecution; and (6) conspiracy.  Without ascribing any particular conduct to a specific person, Plaintiff alleges that Defendants violated his civil rights by submitting "perjured" proofs of service showing that he was served with the renewed application for a restraining order in October 2008 and the OSC re contempt in August 2009 when "there was no evidence that [he] ever was served with any pleadings . . . ."  Compl. ¶ 2.  He also complains that Defendants had no legal basis upon which to seek to hold him in contempt, and that Defendants terminated his medical coverage in retaliation for filing a notice of appeal from the superior court's November 2008 restraining order.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants now move to dismiss all claims.  Defendants argue that AAH is entitled to sovereign immunity under the Eleventh Amendment and that Plaintiff's various claims otherwise fail, as a matter of law.  On October 18, 2010, Plaintiff filed a "response and opposition" which does not substantively address any of Defendants' arguments, but instead, asserts that "[t]he motion to dismiss is a delay tactic and is intended to cause delays, duress and test the legal analysis of plaintiff."  Pl.'s Opp'n at 1, Dkt. 26.  Despite Plaintiff's accusation of delay, he also requests that the Court "continue the case" until December 2010 or January 2011 due to alleged injuries resulting from a household accident.  In addition, he requests that the Court reassign this case to a judge in San Francisco on the theory that Defendant Reid has influence over all judges of Alameda County Superior Court, where the undersigned previously served as a judge.

## II.   __LEGAL STANDARD__

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The pleadings must "give the defendant fair notice of what ... the claim is and

the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).

When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff.  See Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.   DISCUSSION

### A.   PRELIMINARY MATTERS

#### 1.   Plaintiff's Request for Continuance

In his opposition, Plaintiff makes a cursory request to "continue the case to December 2010 after 12/22/2010 or early January 2011."  Pl.'s Opp'n at 4.  Requests to enlarge a deadline or continue a hearing requires the submission of a motion to change time under Civil Local Rule 6-3(a).  The motion must include the specific reasons for the request, the efforts the moving party has made to seek a stipulation to change time, the harm or prejudice that would result if the Court does not change time, a specification of any prior time modifications, and a description of the impact the requested time change would have on the schedule for the case.  Civ. L.R. 6-3(a).  A court's decision to grant or deny a request for continuance is a matter of the court's discretion.  See United States v. Moreland, 604 F.3d 1058, 1069 (9th Cir. 2010).

Here, Plaintiff has complied with none of the requirements of Civil Local Rule 6-3. A motion that fails to comply with the Court's Local Rules need not be considered by the Court.  See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules).  The fact that Plaintiff is pro se does not alter that analysis, as he remains obligated to comply with the same rules as a represented party.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).

Even if the Court were to consider Plaintiff's request on the merits, the Court finds that Plaintiff's justification for the proposed enlargement is unsubstantiated and unpersuasive.  Defendants' motion to dismiss has been on file since September 16, 2010, and Plaintiff has had over six weeks to prepare his opposition brief.  As such, Plaintiff has had more than ample opportunity to prepare his response to the motion.  In any event, given the facts alleged in the pleadings and information provided through Defendant's request for judicial notice, it is readily apparent that delaying this case further would not alter the outcome of the instant motion.[2]  Plaintiff's request for a continuance is therefore denied.

## 2.    Plaintiff's Request for Recusal

Plaintiff states in his opposition brief the district court should recuse itself in accordance 28 U.S.C. § 455(a).  In particular, Plaintiff asserts that Defendant Reid has previously represented that she has "over powering (sic) influence over any Alameda County Court Judge." Pl.'s Opp'n at 4.  Apparently believing that Reid possesses such influence, Plaintiff is concerned that the undersigned's prior appointment to the Alameda County Superior Court bench will impact the outcome of this matter.

---

[2] To the extent that Plaintiff is seeking to continue the hearing on the motion, such request is moot, since the Court is exercising its discretion and resolving the motion based on the papers submitted.

1   Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United

2   States shall disqualify himself in any proceeding in which his impartiality might reasonably

3   be questioned."   28 U.S.C. § 455(a).   In analyzing motion for disqualification, the test is an

4   objective one:  "whether a reasonable person with knowledge of all the facts would

5   conclude that the judge's impartiality might reasonably be questioned."   Clemens v. U.S.

6   Dist. Court for Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam)

7   (internal quotation marks omitted).  Here, Plaintiff provides no evidentiary support for his

8   assertions.  In any event, no reasonable person would question the Court's impartiality in

9   this matter under the circumstances presented.   See In re United States, 666 F.2d 690, 694

10  (1st Cir. 1981) ("a judge … should not recuse himself on a unsupported, irrational, or

11  highly tenuous speculation").  Plaintiff's motion for recusal is denied.

12      **B.   MOTION TO DISMISS**

13          **1.      Sovereign Immunity as to AAH**

14  Title 42 U.S.C. § 1983 provides, in relevant part, that "[e]very *person* who, under

15  color of any statute, ordinance, regulation, custom, or usage ... subjects ... any citizen of the

16  United States ... to the deprivation of any rights, privileges or immunities secured by the

17  Constitution and laws, shall be liable to the party." 42 U.S.C. § 1983 (emphasis added).

18  However, under the Eleventh Amendment, an "arm of the state" is entitled to sovereign

19  immunity against § 1983 claims for damages.   See Pittman v. Oregon, Emp't Dept., 509

20  F.3d 1065, 1072 (9th Cir. 2007).  In order to determine whether an entity is entitled to

21  Eleventh Amendment immunity, the Court must analyze the entity's status based upon

22  consideration of the following five factors:  (1) whether a money judgment would be

23  satisfied out of state funds; (2) whether the entity performs central governmental functions;

24  (3) whether the entity may sue or be sued; (4) whether the entity has the power to take

25  property in its own name or only the name of the state; and (5) the corporate status of the

26  entity.  Belanger v. Madera Unified School Dist., 963 F.2d 248, 250 (9th Cir. 1992).

27  Though not dispositive, the first factor is the "most important."   Id. at 251.

28

Defendants contend that AAH is immune from suit under the Eleventh Amendment. Relying entirely on § 14087.35(o), Defendants contend that "the great majority of AAH's funding is derived from the State of California through its Department of Health Services, to be used for the purpose of carrying out the State's Medi-Cal program of health care for low income populations." Defs.' Mot. at 8.[3]  That subsection states that the "liabilities or obligations of the health authority . . . *shall not become the liabilities or obligations of the county* . . . ." Cal.Welf. & Inst. Code § 14087.5(o) (emphasis added).  That provision does not state, however, that such obligations necessarily will be satisfied through the payment of state funds.  The mere fact that AAH's Medi-Cal Managed Health Plan is funded by California does not ipso facto establish that a judgment rendered against AAH necessarily would be funded by the state.  But even if Defendants had made a sufficient showing under the first <u>Belanger</u> factor, they make no attempt to address any of the remaining factors.  As such, the Court cannot resolve the issue of whether AAH is entitled to sovereign immunity based on the briefing presented.

## 2.    Claims under 42 U.S.C. § 1983

To establish a § 1983 claim, a plaintiff must prove: (1) that a defendant acted under color of state law; and (2) the conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States.  See <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir. 2009).  Section 1983 is not itself a source of substantive rights, but a jurisdictional vehicle for vindicating federal rights elsewhere conferred.  See <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1164 (9th Cir. 2008) (citations omitted).  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." <u>McDade v. West</u>, 223 F.3d 1135, 1139 (9th Cir. 2000).

---

[3] Although Defendants bring their motion under Rule 12(b)(6), issues concerning sovereign immunity under the Eleventh Amendment generally are reviewed under Rule 12(b)(1) because they relate to the subject matter jurisdiction of the Court.  See <u>Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County</u>, 343 F.3d 1036, 1039-40 (9th Cir. 2003).

### a)    State Action

As a threshold matter, Defendants argue that Plaintiff has failed to allege that they were acting under color of state law.  The defendant in a § 1983 must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."   United States v. Classic, 313 U.S. 299, 326 (1941).  A state actor acts under color of state law when he abuses the position given to him by the state.  West v. Atkins, 487 U.S. 42, 49-50 (1988).  The "under color of state law" requirement is an essential element of a § 1983 case, and it is the plaintiff's burden to establish this element.  See Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Plaintiff does not allege that any of the Defendants were acting under color of state law—nor could he legitimately do so.  An entity may be a public actor in certain contexts but still function as a private actor in others.  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 814-15 (9th Cir. 2010) (holding that a charter school was acting as a private actor in connection with employment decisions involving plaintiff).  Assuming arguendo that AAH is a quasi-public entity, it is clear that AAH was not acting under color of state law in connection with the underlying course of events.  Rather, AAH merely exercised its right *as an employer* to seek an injunction to protect its employees in the workplace.  See Cal.Code Civ.P. § 527.8(a) ("Any employer, whose employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an injunction on behalf [its employees]").  Purely private conduct, no matter how wrongful, is not covered under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974).  Thus, AAH cannot be held liable under § 1983 for pursuing an injunction against Plaintiff under California Code of Civil Procedure § 527.8.

Nor has Plaintiff alleged that any individual Defendants were acting under color of state law.  As an initial matter, Plaintiff neglects to allege each individual's role in the alleged constitutional deprivation.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)

1   ("Liability under section 1983 arises only upon a showing of personal participation by the

2   defendant").  To the extent that Plaintiff is attempting to hold AAH's employees liable for

3   submitting declarations or testifying in support of AAH's application for a restraining

4   order, such claim fails on the ground that such employees were acting as private

5   individuals.  See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (explaining that

6   "private parties are not generally acting under color of state law" and that conclusory

7   allegations that there was action under color of state law, unsupported by facts, will be

8   rejected as insufficient to state a § 1983 claim).  As for Reid, the record confirms that she

9   was acting in her capacity as counsel for AAH, which does not implicate state action.  See

10  Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (noting that a private attorney, even

11  if court-appointed, does not act under the color of state law for purposes of 42 U.S.C.

12  § 1983 when engaged in the traditional role of an attorney).  Plaintiff's failure to allege any

13  facts demonstrating that Defendants were acting under color of state law is fatal to his

14  claims under § 1983.

15                          *b)      Constitutional Deprivation*

16          Even if Plaintiff had alleged facts demonstrating that Defendants were acting under

17  color of state law, he cannot show that any of it constitutional or federal rights were

18  violated. As noted, Plaintiff contends that Defendants violated his civil rights by filing

19  "false and perjured" proofs of service showing that he had been served with the application

20  for a restraining order in October 2008 and the application to have him held in contempt in

21  August 2009.  The Court is unaware of any authority holding that the submission of a false

22  proof of service, standing alone, is sufficient to state a claim under § 1983.  To the contrary,

23  such conduct is not actionable under the Noerr-Pennington doctrine.  See Freeman v.

24  Lasky, Haas & Cohler, 410 F.3d 1180, 1186 (9th Cir. 2005) (holding that defendants

25  accused of suborning perjury and intimidating witnesses were immune from liability).

26          "The Noerr-Pennington doctrine derives from the Petition Clause of the First

27  Amendment and provides that those who petition any department of the government for

28  redress are generally immune from statutory liability for their petitioning conduct."

Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 643-644 (9th Cir. 2009) (internal quotations and citation omitted).  Under this doctrine, a party cannot be sued under § 1983 for filing suit or any litigation-related activities.  See Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005) (holding that Noerr-Pennington doctrine applies to claim brought pursuant to § 1983 alleging a conspiracy between private individuals and government actors); Manistee Town Center v. City of Glendale, 227 F.3d 1090, 1092-93 (9th Cir. 2000) (applying Noerr-Pennington doctrine to § 1983 claim).  As such, any alleged conduct relating to Defendants' application for a restraining order fails to state a constitutional violation, as a matter of law.

The above notwithstanding, to the extent that Plaintiff is attempting to allege that Defendants' alleged conduct was intended to deny him due process, such claim is undermined by the underlying court records.  With regard to the Defendants' application for restraining order filed in October 2008, the record shows that Plaintiff was, in fact, present for the evidentiary hearing conducted on November 10, 2008.  RJN Ex. 3, Dkt. 18-4 at 2; Pl.'s Opp'n, Ex. A, Pt. 2, Dkt. 25-2 at 6 (transcript of 11/10/08 hearing).  As to the application to hold Plaintiff in contempt, the record demonstrates that the trial court denied Defendants' request.  RJN Ex. 3, Dkt. 18-6 at 2.  Accordingly, even if Defendants misrepresented that Plaintiff had been served with the application, he cannot show that he was denied due process as a result of such alleged conduct.

Aside from the above, Plaintiff's § 1983 claims impermissibly challenge the propriety of the state court restraining orders.  It is well-settled that federal district courts do not have jurisdiction to review state court rulings.  D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Rooker-Feldman bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  Federal claims amounting "to nothing more than an impermissible collateral attack on prior state court decisions" are impermissible especially

when "[s]uch an order would implicitly reverse the state trial court's findings."  Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995).

Here, implicit in Plaintiff's § 1983 claims is the notion that Defendants had no legitimate basis for seeking a restraining order against him.  However, the state court disagreed with Plaintiff and granted Defendants' various requests for a restraining order.  In order for Plaintiff to prevail in *this* action, the Court necessarily would have to conclude that the trial court had no basis upon which to enter the restraining orders in the first instance.  Plaintiff had the opportunity to appeal the November 2008 restraining order to the California Court of Appeal, but failed to do so properly.  As a result, the state appellate court dismissed his appeal.  Having lost in state court, Plaintiff cannot repackage his claims under § 1983 and collaterally attack the state court's decision in this Court.  See Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003) ("Once a federal plaintiff seeks to bring a forbidden de facto appeal, ... that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought.").

### 3. Claims under 42 U.S.C. § 1985(3)

To state a claim under § 1985(3), a plaintiff must prove three elements: "(1) the existence of a conspiracy to deprive the plaintiff of equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury."  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000).   In addition, the plaintiff must identify the deprivation of a legally protected right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Griffith v. Breckenridge, 403 U.S. 88, 102 (1971).  A plaintiff asserting a claim under § 1985(3) must be a member of the class discriminated against.  RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1055-56 (9th Cir. 2002).  "A mere allegation of conspiracy without factual specificity is insufficient."  Johnson v. Cal., 207 F.3d 650, 655 (9th Cir. 2000) (citation and quotation omitted).

1   In his Complaint, Plaintiff alleges that Defendants' actions were motivated by their

2   desire to terminate him from AAH's medical insurance program, and as retaliation for his

3   decision to appeal the court's ruling on their application for a restraining order.  However,

4   the Complaint is devoid of any facts establishing that Defendants' conduct was in any way

5   motivated by discriminatory animus against a particular class in which Plaintiff is a

6   member.  The lack of such allegations are fatal to Plaintiff's § 1985(3) claim.  See Manistee

7   Town Center v. City of Glendale, 227 F.3d 1090, 1095 (9th Cir. 2000) ("A cause of action

8   under the first clause of § 1985(3) cannot survive a motion to dismiss absent an allegation

9   of class-based animus.").

10          **4.      Supplemental State Law Causes of Action**

11          Plaintiff's remaining claims for malicious prosecution, malicious abuse of

12   prosecution and conspiracy are based on state law.  When the federal claims that served as

13   the basis for jurisdiction are eliminated, either through dismissal by the court or by a

14   plaintiff amending his or her complaint, federal courts may decline to assert supplemental

15   jurisdiction over the remaining state law causes of action.  See 28 U.S.C. § 1367(c)(3); Acri

16   v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may sua sponte exercise

17   discretion and dismiss state law claims under 28 U.S.C. § 1367(c)).  Given the lack of any

18   remaining federal claims, coupled with the early stage of the litigation, the Court exercises

19   its discretion and declines to assert supplemental jurisdiction over Plaintiff's state law

20   causes of action.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When

21   the single federal-law claim in the action was eliminated at an early stage of the litigation,

22   the District Court had a powerful reason to choose not to continue to exercise

23   jurisdiction.").

24   **IV.   CONCLUSION**

25          For the reasons set forth above, the Court finds that Plaintiff has failed to state any

26   viable claims under § 1983 or § 1985(3), and that such deficiencies cannot be cured by

27   amendment to the pleadings.  Accordingly,

28

IT IS HEREBY ORDERED THAT:

1.     Defendants' motion to dismiss is GRANTED as to Plaintiff's federal claims under 42 U.S.C. §§ 1983 and 1985(3).  Because amendment to the Complaint would be futile, those claims are dismissed without leave to amend.  The Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law causes of action, which are dismissed without prejudice.

2.     The Clerk shall close the file and terminate any pending matters.

1      IT IS SO ORDERED.

2    Dated:  November 4, 2010                    _____
                                                SAUNDRA BROWN ARMSTRONG
3                                               United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   UNITED STATES DISTRICT COURT
    FOR THE
3   NORTHERN DISTRICT OF CALIFORNIA

4
    WARREN et al,
5
                Plaintiff,
6
        v.
7
    REID et al,
8
                Defendant.
9   _____/

10
                                    Case Number: CV10-03416 SBA
11
                                    **CERTIFICATE OF SERVICE**
12

13  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.
14
    That on November 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
15  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
    said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
16  located in the Clerk's office.

17

18

19  Steven M. Warren
    P.O. Box 57080
20  Hayward, CA 94545

21  Dated: November 8, 2010

22                                  Richard W. Wieking, Clerk

23                                  By: LISA R CLARK, Deputy Clerk

24

25

26

27

28